IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRUCE FETTERS,<br>    Plaintiff | Civil Action No. 1:10-cv-00904 |
| v. | (Chief Judge Kane) |
| PARAGON WAY, INC. & COLLINS<br>FINANCIAL SERVICES INC. N/KA/<br>PRECISION RECOVERY ANALYTICS<br>INC.,<br>    Defendants | |

## MEMORANDUM

Plaintiff Bruce Fetters has asserted claims against Defendants pursuant to the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"); the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4; and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 et seq. Pending before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Doc. Nos. 10, 16.) For the following reasons, the motions will be denied.

**I.    BACKGROUND**[1]

Defendants Paragon Way, Inc. ("Paragon") and Collins Financial Services, Inc. n/k/a Precision Recovery Analytics, Inc. ("Collins") are engaged in the collection of consumer debts through use of the mail and telephone. (Doc. No. 1 ¶ 7.) Both Paragon and Collins have their principal places of business in Texas. (Id. ¶¶ 5, 6.)

Plaintiff was indebted to Collins by way of an assignment of a consumer debt from the

---

[1] When considering a motion for judgment on the pleadings, the facts, as presented in the pleadings, and all inferences drawn therefrom must be viewed in the light most favorable to the non-moving party. Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 220 (3d Cir. 2005).

1

original creditor, World's Foremost Bank. (Doc. No. 1 ¶¶ 8-9.) On September 24, 2009, Plaintiff received a letter from the firm of Gordon and Weinberg, PC, a law firm representing Collins. (Id.) In the letter, Collins offered to settle the debt owed by Plaintiff for $2,200. (Id.) Plaintiff agreed to the settlement and forwarded a check to Collins for the full settlement amount. (Id. ¶ 11.) On October 21, 2009, Plaintiff received a letter from Gordon and Weinberg confirming receipt of the payment and stating that the debt would be settled and closed. (Id. ¶ 12.) However, the account was not listed as closed until after the complaint was filed in the current action. (Doc. No. 17 ¶ 10; Doc. No. 6-2 at 5.) To the contrary, Plaintiff's account was being reported to the credit bureaus as an open collection account. (Doc. No. 10 ¶ 11.)

Paragon appears to have acquired the debt from Collins in March 2010 after Collins failed to update its records to indicate that Plaintiff's debt had been satisfied. (Doc. No. 1 ¶¶ 15, 17.) That same month, Plaintiff sought and was turned down for a mortgage loan because the debt was listed as open for collection by Paragon. (Id. ¶¶ 13, 14.) At that time, Plaintiff contacted Paragon to explain that the debt had been paid in full. (Id. ¶ 19.) Plaintiff alleges that, in response, Paragon insisted that the account was unpaid and continued to try to collect. (Id. ¶ 20.) Plaintiff avers that "Defendants' [sic] acted in a false, deceptive, misleading and unfair manner by threatening to take action that it [sic] could not legally take or did not intend to take for the purpose of coercing Plaintiff to pay the debt." (Id. ¶ 24.)

On April 28, 2010, Plaintiff filed the complaint initiating the present action. (Doc. No. 1.) Defendants filed a motion for judgment on the pleadings and supporting brief on August 10, 2010. (Doc. No. 10.) On August 24, 2010, Plaintiff filed a brief in opposition to Defendants' motion and also a cross-motion for judgment on the pleadings. (Doc. No. 16.)

## II. STANDARD OF REVIEW

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, a motion for judgment on the pleadings may only be granted by a district court if the movant clearly establishes that no material issues of fact remain and the movant is entitled to judgment as a matter of law. Core States Bank v. Huls Am., Inc., 176 F.3d 187, 193 (3d Cir. 1999). In this way, the standard of review for a Rule 12(c) motion on the pleadings is the same as the one employed in a Rule 12(b)(6) motion to dismiss. Turbe v. Gov't of Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991).

## III. DISCUSSION

Defendants and Plaintiff have each moved for judgment on the pleadings. The Court will address each motion in turn.

### A. Defendants' Motion for Judgment on the Pleadings

In their motion, Defendants argue that the FDCPA cannot apply where a debt has already been settled and closed. Additionally, Defendants challenge Plaintiff's state law claim under the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4.[2]

#### i. FDCPA Claims

Plaintiff's complaint alleges that Defendants violated sections 1692d, 1692e, and 1692f of the FDCPA when Collins listed Plaintiff's previously settled debt as an open debt and when Defendants threatened to take action in attempting to collect. (Doc. No. 1 ¶¶ 20, 24, 30.) Section 1692d prohibits a debt collector from engaging in any conduct of which the natural

---

[2] In Count III of Plaintiff's complaint, Plaintiff also alleges violations of the Pennsylvania Consumer Protection Law, 73 Pa. C.S. § 201-1 et seq. In their motion for judgment on the pleadings, Defendants do not address that claim. Therefore, Defendants' motion will be denied as to Count III without further analysis by the Court.

consequence will be to "harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Section 1692e prohibits a debt collector from using any false, deceptive, or misleading means in connection with the collection of a debt. Id. § 1692e. Section 1692f prohibits a debt collector from using unfair or unconscionable means to collect a debt. Id. § 1692f.

In their motion, Defendants contend that because Plaintiff's debt was previously settled and closed there can be no cause of action under the FDCPA. (Doc. No. 10 ¶ 15.) Specifically, Defendants argue that "the payment of the debt by the Plaintiff forever extinguishes the debt and closes the matter, removing it from the ambit of the FDCPA." (Doc. No. 11 at 4.) The issue, then, is whether the FDCPA's remedial provisions can be triggered where a debt no longer exists but where the debt collector, erroneously or otherwise, continues to try to collect. The Third Circuit Court of Appeals has not previously addressed the application of the FDCPA to this particular situation.[3]

"A threshold requirement for application of the FDCPA is that the prohibited practices

---

[3] Perhaps the closest that the Third Circuit has come to addressing the issue was in Gorbaty v. Portfolio Recovery Assocs., LLC, 355 F. App'x 580 (3d Cir. 2009), cert. denied, 130 S. Ct. 2116 (2010). Yet that case is distinguishable. In Gorbaty, the plaintiff sued the alleged debt collector after he received two "cancellation of debt" notices on Internal Revenue Service 1099-C forms. The Third Circuit noted the "distinction between post-debt conduct, which is not protected by the FDCPA, and conduct 'in connection with the collection of any debt,' which is protected." Id. at 582 (quoting 15 U.S.C. § 1692g). Because the defendant's actions of sending the 1099-C forms were not "in connection" to a present debt collection proceeding, the appellate court agreed that the plaintiff had failed to state a cognizable claim. Id. ("When a debt is cancelled, there is no debt and there can be no debt collection.").

Here, in contrast to Gorbaty, Plaintiff alleges that Paragon continued to try to collect on an alleged debt. Unlike Gorbaty, Plaintiff's claim is not based on a communication he received informing him that the debt had been cancelled. Rather, Plaintiff claims that Defendants continued to communicate that the debt was open and continued to take coercive action to collect. (See Doc. No. 1 ¶ 24.)

are used in an attempt to collect a 'debt.'" Zimmerman v. HBO Affiliate Grp., 834 F.2d 1163, 1167 (3d Cir. 1987). A "debt" is defined by the FDCPA as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). Citing this statutory definition, Plaintiff asserts that a debt, as an "obligation or alleged obligation" of a consumer, includes the situation in which a debt collector mistakenly continues to try to collect a debt that has already been paid. For the following reasons, the Court agrees.

"The role of the courts in interpreting a statute is to give effect to Congress's intent." Rosenberg v. XM Ventures, 274 F.3d 137, 141 (3d Cir. 2001). The presumption is that congressional intent is expressed through the ordinary meaning of the statutory language. Id. "Where the statutory language is plain and unambiguous, further inquiry is not required." Id. "To determine whether the statutory language is ambiguous, we must examine the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." Id. (citation and internal quotation marks omitted); see also Dutton v. Wolpoff and Abrahamson, 5 F.3d 649, 654 (3d Cir. 1993) ("It is beyond our power to deviate from the text of a statute unless its literal application would lead either to an absurd or futile result or one plainly at odds with the policy of the whole legislation.").

Here, the language defining "debt" in the FDCPA is plain and unambiguous. The phrase "alleged obligation" would ordinarily mean a payment that is purported to be owed by the debtor but may or may not actually be owed. See Black's Law Dictionary 86 (9th ed. 2009) (defining

"allegation" as "[t]he act of declaring something to be true" or "[s]omething declared or asserted as a matter of fact"); see also Merriam Webster's Collegiate Dictionary 30 (10th ed. 1997) (defining "alleged" as, inter alia, "accused but not proven or convicted"). Therefore, when a debt collector asserts that there is an obligation to be paid, whether true or not, the protections of the FDCPA are triggered. See Brown v. Budget Rent-A-Car Sys., Inc., 119 F.3d 922, 924 (11th Cir. 1997) ("[Defendant's] assertion that [plaintiff] is obligated as a result of a consumer transaction suffices to bring the obligation within the ambit of the FDCPA."); McCartney v. First City Bank, 970 F.2d 45, 46 (5th Cir. 1992) (holding that an action under § 1692 is "not contingent upon the validity of the underlying debt").

This interpretation fits with the broader purpose of the FDCPA of deterring unfair and deceptive debt collection practices. The FDCPA was enacted with the purpose of eliminating "abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). It is a remedial statute and its language should be construed "broadly, so as to effect its purpose." Brown v. Card Serv. Ctr., 463 F.3d 450, 453 (3d Cir. 2006); see Baker v. G. C. Servs. Corp., 677 F.2d 775, 777 (9th Cir. 1982) ("The [FDCPA] is designed to protect consumers who have been victimized by unscrupulous debt collectors, regardless of whether a valid debt actually exists.").

Defendants state that "Congress never intended the FDCPA to cover activity in instances where the consumer had no further financial obligation and in situations where the debt collector sought nothing further from the consumer." (Doc. No. 11 at 7.) The Court agrees that the

6

situation where a debt has been paid and nothing further is sought from the consumer is one in which the FDCPA does not apply. Yet that is not the situation alleged by Plaintiff. To the contrary, Plaintiff alleges that Defendants continued to "act[] in a false, deceptive, misleading and unfair manner by threatening to take action that it could not legally take or did not intend to take for the purpose of coercing Plaintiff to pay the [alleged] debt." (Doc. No. 1 ¶¶ 15-20, 24.) Such a situation logically would be covered by the FDCPA's broad remedial purpose of protecting consumers from being harassed – even after payment is made. See Staub v. Harris, 626 F.2d 275, 277 (3d Cir. 1980) (noting that "[i]n order to prevent collection action against . . . a debtor who has already paid, the Act requires the debt collector to validate the debt" (citing 15 U.S.C. § 1692g)).

In support of their position, Defendants rely on two district court cases. See Posso v. ASTA Funding Inc., No. 07 C 4024, 2007 WL 3374400 (N.D. Ill. Nov. 9, 2007); Winter v. I.C. Sys., Inc., 543 F. Supp. 2d 1210 (S.D. Cal. 2008). Those decisions, while not binding, are distinguishable. In Posso, the plaintiff brought an action alleging violations of § 1692e based on the defendant's reporting of an inflated debt cancellation amount to the IRS which increased the plaintiff's personal tax liability. 2007 WL 3374400, at *1-2. The court granted the debt collector's motion for judgment on the pleadings because a debt no longer existed and because the actions of the debt collector "were not related to the collection of the [d]ebt, rather they were related to the contract that settled her debt." Id. at *4 (emphasis removed); see also Winter, 543 F. Supp. 2d at 1213-14 (relying on Posso and finding plaintiff could not allege a FDCPA claim for "conduct occurring after he paid his debt in full" where allegation was based on defendant listing plaintiff's debt on a credit report). Unlike Posso and Winter, Plaintiff avers that

Defendants took coercive action, albeit erroneously, to collect an alleged obligation for payment. In this way, although the debt was already settled, Defendants allegedly represented that the debt was outstanding and engaged in prohibited conduct aimed at collecting on it.

Based on this Court's analysis, Defendants have failed to establish that they are entitled to judgment as a matter of law. Therefore, their motion for judgment on the pleadings must be denied as to Plaintiff's FDCPA claim.

### ii. Pennsylvania Fair Credit Extension Uniformity Act

The Pennsylvania Fair Credit Extension Uniformity Act "establishes what shall be considered unfair methods of competition and unfair or deceptive acts or practices with regard to the collection of debts." 73 P.S. § 2270.2. Section 2270.4(a) states that "[i]t shall constitute an unfair or deceptive debt collection act or practice under this act if a debt collector violates any of the provisions of the [FDCPA]." Id. § 2270.4(a). Thus, any violation of the FDCPA is a per se violation of the Pennsylvania Fair Credit Extension Uniformity Act. Accordingly, because Plaintiff has alleged a cognizable cause of action under the FDCPA, the Court will deny Defendants' motion for judgment on the pleadings as to Plaintiff's Pennsylvania Fair Credit Extension Uniformity Act claim.

### B. Plaintiff's Cross-Motion for Judgment on the Pleadings

In addition to opposing Defendants' motion, Plaintiff has asserted his own cross-motion for judgment on the pleadings. Plaintiff contends that the "admissions contained in Defendants' [m]otion for [judgment on the pleadings] in fact rise to the level of a violation of the FDCPA and judgment should be entered in favor of the Plaintiff." (Doc. No. 16 at 2.) However, material

factual disputes remain which prevent the Court from rendering judgment at this time.[4]

Therefore, Plaintiff's motion for judgment on the pleadings must be denied.[5]

## III. CONCLUSION

For the foregoing reasons, the parties' cross-motions for judgment on the pleadings must be denied. An order consistent with this memorandum follows.

**IN THE UNITED STATES DISTRICT COURT**

---

[4] For example, Plaintiff himself states "[i]t is a disputed material fact that there was verbal communication by and between Plaintiff and Defendants after the settlement was paid." (Doc. No. 16 at 2.)

[5] The Court notes that Plaintiff's motion would also be rightly stricken for failure to include a certificate of non-concurrence in accordance with Local Rule 7.1.

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRUCE FETTERS,<br>    Plaintiff<br><br>    v.<br><br>PARAGON WAY, INC. & COLLINS<br>FINANCIAL SERVICES INC. N/KA/<br>PRECISION RECOVERY ANALYTICS<br>INC.,<br>    Defendants | :<br>:   Civil Action No. 1:10-cv-904<br>:<br>:   (Chief Judge Kane)<br>:<br>:<br>:<br>:<br>:<br>: |

## **ORDER**

**NOW**, this 15th day of December 2010, upon consideration of the parties' cross-motions for judgment on the pleadings (Doc. Nos. 10, 16), it is **HEREBY ORDERED THAT** the motions are **DENIED**.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania
